SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
| | ) | No. CR-90-0356-AP |
| Appellee, | ) | |
| | ) | Maricopa County |
| v. | ) | Superior Court |
| | ) | No. CR-89-12631 |
| JAMES LYNN STYERS, | ) | |
| | ) | **O P I N I O N** |
| Appellant. | ) | |
| _____ | ) | |

Independent Review of Capital Sentence

**SENTENCE OF DEATH AFFIRMED**

_____

THOMAS C. HORNE, ARIZONA ATTORNEY GENERAL                Phoenix
    By   Kent E. Cattani, Chief Counsel,
         Capital Litigation Section
         Jeffrey A. Zick, Assistant Attorney General
Attorneys for State of Arizona

JULIE S. HALL, ATTORNEY AT LAW                           Oracle
    By   Julie S. Hall
Attorney for James Lynn Styers

_____

**B E R C H**, Chief Justice

¶1      The Ninth Circuit Court of Appeals found error in this Court's independent review of James Lynn Styers' death sentence. We granted the State's request for this Court to conduct a new independent review and, following that review, affirm the sentence.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

¶2       A jury found James Lynn Styers guilty of the 1989 murder, conspiracy to commit first degree murder, kidnapping, and child abuse of four-year-old Christopher Milke. *State v. Styers*, 177 Ariz. 104, 108-09, 865 P.2d 765, 769-70 (1993) (describing factual and procedural history).  After finding three aggravating factors and no mitigating circumstances sufficiently substantial to call for leniency, the trial judge sentenced Styers to death.  *Id.* at 109, 865 P.2d at 770.  On appeal, this Court reversed the conviction for child abuse, but affirmed the other convictions.  *Id.* at 109-14, 865 P.2d at 770-75.  After finding the evidence insufficient to prove the pecuniary gain aggravating factor beyond a reasonable doubt, we concluded that the mitigating evidence was not sufficiently substantial to warrant leniency in light of the remaining aggravating circumstances and affirmed the sentence of death. *Id.* at 114-17, 865 P.2d at 775-78.  The Supreme Court denied certiorari, 513 U.S. 855 (1994), and the mandate issued from this Court on October 14, 1994, concluding direct review of this case.

¶3       The district court denied Styers' habeas corpus petition.  *Styers v. Schriro*, 2007 WL 86944 at *22 (D. Ariz. Jan. 10, 2007).  The Ninth Circuit Court of Appeals reversed and granted relief, finding that in independently reviewing Styers'

death sentence, this Court improperly required a nexus between Styers' post-traumatic stress disorder (PTSD) and the crime and, having found no such nexus, erroneously refused to consider Styers' PTSD as a mitigating circumstance. *Styers v. Schriro*, 547 F.3d 1026, 1034-36 (9th Cir. 2008). The Ninth Circuit therefore instructed the district court to grant Styers' writ of habeas corpus "unless the state, within a reasonable period of time, either corrects the constitutional error in petitioner's death sentence or vacates the sentence and imposes a lesser sentence consistent with law." *Id.* at 1036. The State then moved this Court to remedy its initial independent review of Styers' death sentence by conducting a new independent review and considering Styers' PTSD as a mitigating circumstance. We granted that motion and ordered briefing and oral argument.

## II.  DISCUSSION

### A.  Scope of Review

¶4      Before considering the mitigating effect of Styers' PTSD, we must determine the scope of the task before us. Styers asserts, and our dissenting colleague agrees, that we must remand this case to the trial court for a new resentencing proceeding because this case is now on "direct review," and under *Ring v. Arizona*, 536 U.S. 584 (2002), a jury must find all aggravating factors. We disagree.

¶5    New rules of criminal procedure (like the rule announced in *Ring*) apply retroactively to non-final cases pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). For the purpose of this retroactivity rule, a case is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id*. at 321 n.6. Because Styers had exhausted available appeals, his petition for certiorari had been denied, and the mandate had issued almost eight years before *Ring* was decided, his case was final, and he therefore is not entitled to have his case reconsidered in light of *Ring*. *See Schriro v. Summerlin*, 542 U.S. 348, 358 (2004) ("*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review.").

¶6    In *Teague v. Lane*, the Supreme Court observed that the "[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system." 489 U.S. 288, 309 (1989). We agree that applying *Ring* in this case would undermine the finality of Styers' convictions. As the Supreme Court further explained, although

- 4 -

> [t]he right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them[,] . . . it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.

*Summerlin*, 542 U.S. at 358.

¶7　　　Styers nonetheless argues that by reconsidering independent review, we reopen his case on direct review, and *Ring* therefore applies.　But regardless of what one calls the type of review we now undertake, *Ring* requires jury findings only of aggravating factors that make a defendant eligible for the death penalty.　536 U.S. at 609.　That is not the issue here.　The Ninth Circuit found no error in this Court's prior affirmance of Styers' convictions and the two aggravating factors.　Because no error was found regarding these aggravating factors, in this independent review we deem those factors established.　The Ninth Circuit found error only in our asserted failure to consider a potential *mitigating* factor, 547 F.3d at 1034-36, an issue not governed by *Ring*.　There is therefore no reason or need to have a jury consider this issue.　Instead, to remedy the error found, we need only properly conduct independent review of Styers' death sentence.　*See* A.R.S. § 13-755(A) (2010) (requiring supreme court to review all death

sentences).[1]  By doing so, we fulfill our "duty . . . to review the validity and propriety of all *death* sentences."  *State v. Brewer*, 170 Ariz. 486, 493, 826 P.2d 783, 790 (1992).

### B.    Independent Review

¶8       We must consider whether Styers established that he had PTSD and was affected by it at the time of the murder.  *See* 1988 Ariz. Sess. Laws, ch. 155, § 1(C) (placing burden on defendant to establish mitigating circumstances).   Ultimately, we must decide whether the evidence of Styers' PTSD alters our earlier determination that the mitigating evidence presented in this case is not sufficient to warrant leniency in light of the aggravating factors.  *See* A.R.S. § 13-755.

¶9       Our earlier opinion affirmed as aggravating factors that the four-year-old victim was younger than fifteen years of age, A.R.S. § 13-751(F)(9),[2] and that the offense was committed in an "especially heinous, cruel or depraved" manner, A.R.S.

---

[1]    Our dissenting colleague states that § 13-755 applies only on direct review.  Dissent at ¶ 22.  Although independent review is normally conducted in an appeal from a death sentence, nothing in § 13-755 limits our review to direct appeals. Instead, for murders committed before August 2002, the statute imposes an obligation on this Court to "review all death sentences."  *Id.* § 13-755(A); *see* 2002 Ariz. Sess. Laws, ch. 1, § 7(C) (5th Spec. Sess.).

[2]    In 2008, the capital sentencing statutes were renumbered as A.R.S. §§ 13-751 to -759.  2008 Ariz. Sess. Laws, ch. 301, §§ 26, 38-41 (2d Reg. Sess.).  Because there were no relevant substantive changes, we cite the current version of the statutes.

§ 13-751(F)(6). *Styers*, 177 Ariz. at 114-16, 865 P.2d at 775-77. As noted above, because no error has been identified with regard to our previous consideration and affirmance of those aggravating factors, we deem them established for purposes of this review of Styers' sentence.

¶10    This Court's earlier opinion concludes that the proffered mitigation was "not sufficiently substantial to warrant leniency." *Id.* at 117, 865 P.2d at 778. According to the Ninth Circuit, however, we erred in declining to consider Styers' PTSD in making this determination. *Styers*, 547 F.3d at 1035-36. Although we disagree with that court's reading of our opinion in *Styers*,[3] we nonetheless today consider whether Styers' PTSD, in combination with the other mitigating evidence, provides mitigation sufficiently substantial to warrant leniency.

---

[3]    This Court's earlier opinion states that we "considered *all* of the proferred mitigation and, like the trial court, [found] it [was] not sufficiently substantial to warrant leniency." *Styers*, 177 Ariz. at 117, 865 P.2d at 778 (emphasis added). That statement does not, in our view, give a "clear indication" that this Court "violated . . . constitutional mandates," the standard federal courts purportedly employ when considering constitutional errors in state court proceedings. *See Lopez v. Ryan*, 630 F.3d 1198, 1203 (9th Cir. 2011). In fact, this language is remarkably similar to that in *Lopez*, in which the Ninth Circuit found "no indication" that this Court impermissibly required the defendant to establish a "causal nexus between mitigating evidence and the crime." Indeed, in finding no error, the Ninth Circuit relied on this Court's assertion "that it considered all the mitigating evidence on an independent review of the record and found that it did not warrant the exercise of leniency." *Id.*

### 1. Evidence of Styers' PTSD

¶11    The record shows that Styers suffered from PTSD as a result of his military service in Vietnam. *See Styers*, 177 Ariz. at 116, 865 P.2d at 777. Before trial, two mental health professionals, a clinical psychologist and a psychiatrist, assessed Styers' mental health and issued reports pursuant to Rule 11 of the Arizona Rules of Criminal Procedure. Both concluded that Styers likely suffered from PTSD. We therefore take as established that Styers suffered from PTSD at or near the time of the offense.

### 2. Weight of Styers' PTSD

¶12    When assessing the weight and quality of a mitigating factor, we take into account how the mitigating factor relates to the commission of the offense. *State v. Newell*, 212 Ariz. 389, 405 ¶ 82, 132 P.3d 833, 849 (2006). Although we do not require establishment of a nexus between the mitigating factors and the crime before we consider the mitigation evidence, we may consider the failure to show such a connection as we assess "the quality and strength of the mitigation evidence," *id.*, and may attribute less weight to the mitigating effect of a disorder if the defendant fails to establish a relationship between the disorder and the criminal conduct, *see State v. Tucker*, 215 Ariz. 298, 323 ¶¶ 117-18, 160 P.3d 177, 202 (2007) (giving little weight to defendant's personality disorder because no

- 8 -

evidence established that the "disorder impaired his ability to appreciate the wrongfulness of his conduct or to conform it to the law at the time of the murders"); *State v. Smith*, 215 Ariz. 221, 235 ¶ 67, 159 P.3d 531, 545 (2007) (giving less weight to defendant's mental health evidence in light of testimony that defendant "could have controlled his impulses and that he likely knew what he was doing and that it was wrong"); *State v. Ellison*, 213 Ariz. 116, 145 ¶¶ 138-39, 140 P.3d 899, 928 (2006) (giving minimal weight to mitigating circumstance because the defendant did not provide "any specific evidence that his brain chemistry was actually altered by his past alcohol and drug abuse so as to cause or contribute to his participation in the murders").

¶13     Like the defendants in *Tucker*, *Smith*, and *Ellison*, Styers failed to present any evidence that his PTSD affected his conduct at the time of the crime.  In fact, the mental health professionals who prepared Rule 11 reports concluded that there was no connection.  One wrote that the "relationship" between the PTSD diagnosis and the offense was "nil."  The other reported that he had "little or no information to indicate that Mr. Styers was not of sound mind, [or] did not know what he was doing at the time of the alleged offenses."

¶14     Our decision in *State v. Spears*, 184 Ariz. 277, 908 P.2d 1062 (1996), is particularly instructive.  In that case,

the defendant established that he had a difficult family background and that, as a result, "[t]he psychologist diagnosed defendant with post-traumatic stress disorder that could be retriggered at any time, causing impulsive, irrational behavior." *Id.* at 293-94, 908 P.2d at 1078-79. We did not weigh Spears' PTSD diagnosis heavily in that case because "[e]ven if this diagnosis is correct, it does not explain why defendant murdered [the victim]. Defendant's actions were planned and deliberate, not impulsive." *Id.* at 294, 908 P.2d at 1079.

¶15    Styers' actions in this case were similarly "planned and deliberate, not impulsive." *See id.* Styers purchased guns, and he and Roger Scott then took Christopher into the desert and shot him three times in the head. *Styers*, 177 Ariz. at 108, 865 P.2d at 769. Styers did not claim that he acted impulsively or was surprised by Christopher's actions or presence. Styers then concocted and participated in an elaborate ruse to mislead the police, claiming that Christopher had been abducted at the mall while Styers was in a restroom stall. *Id.* He also participated in a lengthy "search" for Christopher after the murder. *Id.* Styers' entire course of action was not impulsive, but instead was "planned and deliberate." Thus, although we again acknowledge Styers' PTSD and consider it in mitigation, we give it little weight.

### 3.    <u>Propriety of Death Sentence</u>

**¶16**     Because we attribute little mitigating weight to Styers' PTSD, we find no reason to alter the conclusion reached in Styers' direct appeal.  We therefore hold that Styers' PTSD, in combination with all other mitigating evidence presented at Styers' mitigation hearing and previously considered by this Court, is not sufficient to warrant leniency in light of the aggravating factors proven in this case.

### III.  CONCLUSION

**¶17**     Following our independent review under A.R.S. § 13-755, we affirm the sentence of death.


_____
Rebecca White Berch, Chief Justice


CONCURRING:


_____
W. Scott Bales, Justice


_____
A. John Pelander, Justice


_____
Robert M. Brutinel, Justice

- 11 -

**H U R W I T Z**, Vice Chief Justice, dissenting

¶18    At the State's request, the Court today independently reviews the death sentence imposed by the superior court and concludes that the mitigation is not sufficiently substantial to warrant leniency in light of the aggravating circumstances. I do not quarrel with the substance of that determination. I have reluctantly concluded, however, that given the procedural morass created in this case by the Ninth Circuit, the Court's action today is not constitutionally permitted.

¶19    In *Ring v. Arizona*, the Supreme Court held that a jury, not a judge, must find the aggravating circumstances that make a defendant eligible for a death sentence. 536 U.S. 584, 609 (2002). Here, a judge found those aggravating circumstances. *Ring* applies to all cases in which the defendant's sentence is still subject to direct appellate review and therefore not "final." *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). Absent the federal habeas proceedings in this case, I would agree with the Court that the direct review process concluded when the Supreme Court of the United States denied Styers' petition for a writ of certiorari from our opinion affirming his convictions and sentences. *See Styers v. Arizona*, 513 U.S. 855 (1994).

¶20    But, of course, the denial of certiorari was not the end of the story here. After the United States District Court

- 12 -

for the District of Arizona denied habeas relief, the Court of Appeals reversed, ordering the district court to grant the writ (and thus reduce Styers' sentence from death to life), unless the State corrected a purported "constitutional error" committed during our direct review of Styers' sentence. *Styers v. Schriro*, 547 F.3d 1026, 1036 (9th Cir. 2008). The district court then entered an order conforming to the Ninth Circuit's opinion. Like the majority, *supra* at ¶ 10 n.3, I question whether the Ninth Circuit correctly decided this case. Unfortunately, however, that is not the issue before us.

¶21 The district court did not remand this case to us – we are not adjuncts of federal courts exercising habeas jurisdiction and they have no power to order us to conduct further proceedings in criminal cases. *See Commonwealth v. Lesko*, 15 A.3d 345, 364 (Pa. 2011) (noting that habeas corpus is a civil proceeding in which a federal court cannot revise a state court judgment) (citing *Fay v. Noia*, 372 U.S. 391, 430-31 (1963)). Rather, the federal court in this case told *the State* that if the alleged "error" was not corrected, a writ of habeas corpus would issue. The State then had three choices: (1) do nothing and allow Styers' sentence to be reduced to life through the writ; (2) request a new sentencing proceeding in the superior court; or (3) ask us to redo our independent review. The State understandably declined Option 1. As for Option 2,

- 13 -

the State correctly conceded at oral argument that under *Ring*, a jury trial on aggravating circumstances would be required in any new superior court sentencing proceeding. But, because the purported constitutional error identified by the Ninth Circuit occurred during direct appeal, not in the superior court, the State quite reasonably decided not to seek a new sentencing proceeding. The State instead chose Option 3, and asked us to conduct a new independent review of the death sentence.

¶22 What separates me from my colleagues is my analysis of the nature of this "do-over." The statute mandating independent review of death sentences, A.R.S. § 13-755(A), applies to direct review, not to post-conviction proceedings. Indeed, no one contends that the Court today is exercising Rule 32 post-conviction review jurisdiction, and I am unaware of any other context in which we review criminal sentences other than direct review. But more importantly, independent review is the paradigm of direct review – we determine, de novo, whether the trial court, on the facts before it, properly sentenced the defendant to death. Thus, what the State sought in this case – and what the Court has granted – is a new direct review of the death sentence, designed to obviate a constitutional "error" occurring in the original appeal. Styers' death sentence is therefore plainly not final; after the conditional writ issued, a death sentence could not be imposed without further action

- 14 -

from this Court, and Styers can plainly seek further direct review, through certiorari, from the Court's reinstitution of that sentence today.

¶23 Because the Court today engages in direct review of the death sentence, Styers is entitled to a jury trial on aggravating factors unless the original jury made the requisite findings or no reasonable jury could have failed to find them. *State v. Ring*, 204 Ariz. 534, 65 P.3d 915 (2003). The original jury found the facts to support the A.R.S. § 13-751(F)(9) aggravator.[4] But it is undisputed that the jury made no finding as to the § 13-751(F)(6) aggravator, and the State does not argue harmless error. Styers therefore is entitled to a new aggravation phase proceeding as to the (F)(6) aggravator and, under the current version of our death penalty statute, to a jury in the sentencing phase. *See Ring*, 204 Ariz. at 562 ¶ 89, 65 P.3d at 943.

¶24 I understand the attraction of the course taken by the Court today. The procedural difficulties in this case have been caused by what we believe to be an erroneous decision by the Ninth Circuit. A new sentencing proceeding will result in further delay in this 22-year-old case, and given the

---

[4] The superior court instructed the jury that an element of one of the non-capital crimes charged was that the victim was under fifteen years of age. The jury found Styers guilty of that crime.

circumstances of this crime – the brutal and calculated murder of a young child – it seems unlikely that a new sentencing proceeding will produce a different result than the original one. But such a proceeding, in my view, is constitutionally mandated, and will likely bring this case to conclusion more promptly than the new round of federal habeas proceedings that will inevitably follow today's decision.

¶25       I therefore respectfully dissent.

 

_____
Andrew D. Hurwitz, Vice Chief Justice