**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JAMES LYNN STYERS,
*Petitioner-Appellant*,

v.

CHARLES L. RYAN,
*Respondent-Appellee*.

No. 12-16952

D.C. No.
2:98-cv-02244-JAT

OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted
October 24, 2013—San Francisco California

Filed December 30, 2015

Before: Jerome Farris, Alex Kozinski,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

# SUMMARY[*]

## Habeas Corpus

The panel affirmed the district court's denial of James Lynn Styers's motion for an unconditional writ of habeas corpus after the Arizona Supreme Court, in response to the district court's conditional writ ordered by this court in *Styers v. Schriro*, 547 F.3d 1028 (9th Cir. 2008), conducted an independent review of Styers's death sentence, and affirmed it in 2011.

In *Styers*, this court held that when the Arizona Supreme Court initially affirmed the death sentence in 1993, it violated *Eddings v. Oklahoma*, 455 U.S. 104 (1982), and *Smith v. Texas*, 453 U.S. 37 (2004), which prohibit consideration of only mitigation evidence causally related to the crime.

Styers argued in his petition for the unconditional writ that, after the U.S. Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), the Arizona Supreme Court was powerless to correct the constitutional error identified in *Styers*, and that the death sentence could now be imposed only by a jury's determination of the aggravating factors. The Arizona Supreme Court denied the *Ring* claim on the ground that the sentence was final.

The panel observed that the U.S. Supreme Court has never held that the issuance of a conditional writ of habeas corpus necessarily renders non-final a conviction or sentence

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

that was predicated on constitutional error, and that the conditional writ in this case did not vacate Styers's death sentence. The panel concluded that the Arizona Supreme Court's determination that Styers's sentence remained final at the time of the second independent review was therefore not contrary to federal law as determined by the U.S. Supreme Court.

The panel rejected Styers's contention that the Arizona Supreme Court failed to correct the error found by this court in *Styers*. The panel observed that the Arizona Supreme Court considered the mitigating evidence and decided to give it little weight, and that neither *Tennard v. Dretke*, 542 U.S. 274 (2004), nor *Eddings* requires more.

## COUNSEL

Julie S. Hall (argued), Oracle, Arizona; Amy Beth Krauss, Tucson, Arizona, for Petitioner-Appellant.

Jeffrey A. Zick (argued), Thomas C. Horne, Kent E. Cattani, and Ginger Jarvis, Office of the Attorney General, Phoenix, Arizona, for Respondent-Appellee.

## OPINION

BEA, Circuit Judge:

We must determine whether a state court's constitutional error in failing to consider certain evidence offered in mitigation of a death sentence can be corrected by the court

that committed the error, rather than require the convicted murderer to be sentenced anew, but before a jury.

James Lynn Styers, an Arizona prisoner, was convicted of first degree murder and other charges and sentenced to death. Styers's first degree murder conviction and his sentence of death were affirmed by the Arizona Supreme Court. *State v. Styers*, 865 P.2d 765, 770 (Ariz. 1993) ("*Styers I*"). Styers sought federal habeas corpus, and was denied. On appeal to us, we found that the Arizona Supreme Court had erred in not considering certain mitigation evidence, because it found such evidence was not connected to Styers's actions at the time of the murder. *Styers v. Schriro*, 547 F.3d 1026, 1028 (9th Cir. 2008) ("*Styers II*"). We reversed and remanded to the district court with instructions to issue a conditional writ ordering Styers's release from his death sentence unless the State were to initiate proceedings either to correct the constitutional error or to vacate the death sentence and impose a lesser sentence consistent with the law. *Id*. at 1036. The district court so ordered.

The Arizona Supreme Court conducted an independent review of Styers's death sentence pursuant to its view of the Arizona statute which provides for independent reviews of all death sentences, A.R.S. § 13-755. *State v. Styers*, 254 P.3d 1132, 1133 (Ariz. 2011) (en banc) ("*Styers III*"). It again affirmed the death sentence, after expressly considering and weighing the mitigation evidence to which this court's opinion referred. Styers then moved the district court for an unconditional writ of habeas corpus, arguing that the Arizona Supreme Court was powerless to correct the constitutional error, because the law had changed since *Styers I*; the death sentence could be imposed only by a jury's determination of the aggravating factors that rendered Styers eligible for the

death penalty. *Ring v. Arizona*, 536 U.S. 584 (2002). The district court denied Styers's petition for an unconditional writ. Styers timely appealed.

We review de novo, and we affirm.

## I. Facts and Procedural History

In 1989, Styers lived in an apartment with his daughter, a roommate, Styers's co-defendant Debra Milke,[1] and Debra Milke's four-year-old son, Christopher. Styers provided childcare for Christopher while Milke was at work. On December 2, 1989, Styers borrowed Milke's car to go to the mall. Christopher wanted to see Santa Claus and joined Styers. On the way to the mall, Styers picked up his friend Roger Scott. Scott, Styers, and Christopher had pizza for lunch and then drove to the desert. The men told Christopher that they were going to look for snakes in the wash.[2] They then shot him three times in the head, leaving his body in the wash. *State v. Styers*, 865 P.2d 765, 769 (Ariz. 1993) ("*Styers I*").

A jury convicted Styers of first degree murder, conspiracy to commit first degree murder, child abuse, and kidnapping. *Id*. At sentencing, without a jury, the trial court found three statutory aggravating factors that rendered Styers eligible for the death penalty. Along with mitigating evidence as to Styers's family relationships, military service, and character,

---

[1] Milke and Roger Scott were also convicted of first degree murder for the murder of Christopher Milke. Milke's conviction has been vacated for reasons not relevant to this case.

[2] A wash is a dry channel in the desert.

Styers submitted evidence of mental health problems including post-traumatic stress disorder ("PTSD") caused by Styers's military service. The trial court found no mitigating factors sufficiently substantial to call for leniency. The trial court imposed the death penalty. *Id*.

Styers appealed his convictions and sentence to the Arizona Supreme Court. The Arizona Supreme Court reversed Styers's child abuse conviction for insufficiency of evidence and affirmed Styers's first degree murder, conspiracy, and kidnapping convictions and the death penalty sentence. *Id*. at 772, 778.

Styers filed a federal habeas petition in the district court, challenging his conviction and sentence on various grounds. The district court denied Styers's petition, and Styers appealed to this court. *Styers v. Schriro*, 547 F.3d 1026, 1028 (9th Cir. 2008) ("*Styers II*"). This court affirmed the district court in part, and reversed and remanded in part because when the Arizona Supreme Court conducted its 1993 independent review of Styers's death sentence, that court "appear[ed] to have imposed a test directly contrary to the constitutional requirement that all relevant mitigating evidence be considered by the sentencing body" when it found that Styers's PTSD did not qualify as mitigating evidence because it had not affected his actions at the time of the crime. *Id*. at 1035. Specifically, this court found that the Arizona Supreme Court violated *Eddings v. Oklahoma*, 455 U.S. 104 (1982) and *Smith v. Texas*, 453 U.S. 37 (2004), which prohibit consideration of only mitigation evidence causally related to the crime. On remand, the district court entered an order directing that

> Petitioner's Writ of Habeas Corpus as to his sentence of death is granted unless the State of Arizona, within 120 days from entry of this Judgment, initiates proceedings either to correct the constitutional error in Petitioner's death sentence or to vacate the sentence and impose a lesser sentence consistent with the law.[3]

The State then moved the Arizona Supreme Court to "remedy its initial independent review of Styers' death sentence by conducting a new independent review and considering Styers' PTSD as a mitigating circumstance." *State v. Styers*, 254 P.3d 1132, 1133 (Ariz. 2011) (en banc) ("*Styers III*"). Styers objected to the procedure, arguing that by again conducting an independent review under A.R.S. § 13-755, the Arizona Supreme Court had reopened Styers's case on direct review and Styers's sentence was no longer final.[4] *Id*. at

---

[3] In the same order, the district court denied a motion by the State to remand the case to the Arizona Supreme Court for reweighing pursuant to *Clemons v. Mississippi*, 494 U.S. 738 (1990).

[4] A.R.S. § 13-755 provides:

> (A) The supreme court shall review all death sentences. On review, the supreme court shall independently review the trial court's findings of aggravation and mitigation and the propriety of the death sentence. (B) If the supreme court determines that an error was made regarding a finding of aggravation or mitigation, the supreme court shall independently determine if the mitigation the supreme court finds is sufficiently substantial to warrant leniency in light of the existing aggravation. If the supreme court finds that the mitigation is not sufficiently substantial to warrant

1134. Under *Teague v. Lane*, 489 U.S. 288 (1989), if Styers's sentence was not final when the Arizona Supreme Court conducted its second independent review, Styers would be entitled to all constitutional rules which had been announced at the time of *Styers III*. These rules would include the requirement of *Ring v. Arizona*, 536 U.S. 584 (2002), that defendants are entitled to a jury determination of any fact on which their eligibility for the death penalty is conditioned.

The Arizona Supreme Court granted the State's motion, holding that (1) the Arizona Supreme Court was not required to remand the case to the trial court for a new resentencing, and that (2) even if Styers's sentence was not final, *Ring* requires jury findings only of aggravating factors, and the aggravating factors in Styers's case were not at issue in determining the weight of the mitigating evidence. *Styers III*, 254 P.3d at 1133–34.

The Arizona Supreme Court did not review its prior *Eddings* error for harmlessness. Instead, the court reviewed anew whether the mitigation evidence was sufficiently substantial to warrant leniency when weighed against the aggravating factors found by the trial court. *Id*. at 1135. On its review of the PTSD evidence, the court opined that

---

leniency, the supreme court shall affirm the death sentence. If the supreme court finds that the mitigation is sufficiently substantial to warrant leniency, the supreme court shall impose a life sentence pursuant to § 13-751, subsection A. (C) The independent review required by subsection A does not preclude the supreme court from remanding a case for further action if the trial court erroneously excluded evidence or if the appellate record does not adequately reflect the evidence presented.

because Styers had produced no evidence establishing a causal connection between his PTSD and the crime, the PTSD evidence was of little weight. *Id*. at 1136. The Arizona Supreme Court affirmed Styers's sentence of death. *Id*.

Styers then moved the federal district court to enter judgment granting an unconditional writ of habeas corpus on the basis that the state had not complied with the conditional writ of habeas corpus because (1) the constitutional error could not be corrected without resentencing by a jury; (2) the Arizona Supreme Court employed an unconstitutional process in its attempt to cure the constitutional error; and (3) the Arizona Supreme Court failed to correct the constitutional error because it did not properly consider Styers's mitigation evidence. The district court denied the motion for habeas relief because

> [t]he conditional writ of habeas corpus entered in [Styers's] case gave the State the opportunity to cure the constitutional defect found by the Ninth Circuit. At the request of the State, the Arizona Supreme Court undertook a new independent review of [Styers's] capital sentence, reweighing the proven aggravating and mitigating circumstances. This remedied the constitutional infirmity found in *Styers II* and satisfied the condition precedent contained in the conditional writ.

Styers moved the district court for a certificate of appealability, and the district court granted a certificate of appealability on the issue whether, in correcting Styers's

sentence, the State was required to provide him a jury resentencing.  Styers timely appealed.

## II. Jurisdiction and Standard of Review

The district court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  We review de novo the district court's denial of the writ of habeas corpus.  *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008).  This court may reverse the district court only if the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

## III. Analysis

### A.  Certified Issue: *Ring* Sentencing

When a constitutional rule is announced, its requirements apply to defendants whose convictions or sentences are pending on direct review or not otherwise final.  *Griffith v. Kentucky*, 479 U.S. 314, 323 (1987).  The rule announced in *Ring*, under which "[c]apital defendants are entitled . . . to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment," *Ring*, 536 U.S. at 589 is a procedural rule that applies to capital defendants on direct review, *see Schriro v. Summerlin*, 542 U.S. 348, 358 (2004).

Styers made a *Ring* claim before the Arizona Supreme Court, arguing that the conditional writ of habeas corpus required that Styers be re-sentenced and that a jury must find

the aggravating factors rendering him eligible for the death penalty. The Arizona Supreme Court denied the *Ring* claim on the ground that Styers's sentence was final. To prevail, Styers must show that the Arizona Supreme Court's determination that his conviction was final (and therefore that he was not entitled to a *Ring* sentencing) "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Arizona Supreme Court in *Styers III* rejected Styers's contention that the Arizona Supreme Court "must remand this case to the trial court for a new resentencing proceeding because this case is now on 'direct review.'" *Styers III*, 254 P.3d at 1133. The court observed

> "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Because Styers had exhausted available appeals, his petition for certiorari had been denied, and the mandate had issued almost eight years before *Ring* was decided, his case was final, and he therefore is not entitled to have his case reconsidered in light of *Ring.*

*Styers III*, 254 P.3d at 1133–34 (citing *Griffith*, 479 U.S. at 328).[5] The U.S. Supreme Court has never held that the

---

[5] The Arizona Supreme Court further held that "nothing in § 13-755 limits our review to direct appeals. Instead, for murders committed before August 2002, the statute imposes an obligation on this court to 'review all death sentences.'" *Styers III*, 254 P.3d at 1134 n.1. Our now colleague,

issuance of a conditional writ of habeas corpus necessarily
renders non-final a conviction or sentence that was predicated
on constitutional error, and the conditional writ of habeas
corpus in this case did not vacate Styers's death sentence.
Therefore, the Arizona Supreme Court's determination that
Styers's sentence remained final at the time of the second
independent review was not contrary to federal law as
determined by the Supreme Court of the United States.[6,7]

---

then-Vice Chief Justice Hurwitz dissented and noted that "[t]he statute
mandating independent review of death sentences, A.R.S. § 13–755(A),
applies to direct review, not to post-conviction proceedings . . .
independent review is the paradigm of direct review—we determine, de
novo, whether the trial court, on the facts before it, properly sentenced the
defendant to death." *Styers III*, 254 P.3d at 1147 (Hurwitz, V.C.J.,
dissenting). Styers urges this court to adopt Justice Hurwitz's analysis.
However, the question whether an independent review under A.R.S. § 13-
755 is limited to direct review is a question of statutory interpretation of
an Arizona statute. Here that question was determined by Arizona's
highest court, and it held that "nothing in § 13-755 limits our review to
direct appeals." *Styers III*, 254 P.3d at 1134 n.1. We are constrained to
defer to the highest state court on a matter of state law and may not
construe A.R.S. § 13-755 differently than did the Arizona Supreme Court.
*Johnson v. Fankell*, 520 U.S. 911, 916 (1997).

[6] The U.S. Supreme Court has been silent on whether the finality of a
conviction or sentence, for *Teague* purposes, is a question of federal law,
and has never held that a conditional writ of habeas corpus, regardless of
its terms, necessarily renders a conviction non-final. Alternatively, if the
question of finality is purely a matter of state law, then the Arizona
Supreme Court's decision that Styers's sentence remained final and he
was not entitled to a *Ring* re-sentencing is not reviewable because it rests
on an adequate and independent state ground. *Coleman v. Thompson*,
501 U.S. 722, 736–37 (1991).

[7] The Arizona Supreme Court held in the alternative that "regardless of
what one calls the type of review we now undertake, *Ring* requires jury
findings only of aggravating factors that make a defendant eligible for the

## B. Uncertified Issue:  The Arizona Supreme Court Corrected the *Eddings* Error

Styers also contends that the Arizona Supreme Court failed to correct the *Eddings* error found by this court in *Styers II* because it treated Styers's mitigation evidence as *de minimis*.

The U.S. Supreme Court has "never held that a specific method for balancing mitigating and aggravating factors in a capital sentencing proceeding is constitutionally required." *Kansas v. Marsh*, 548 U.S. 163, 175 (2006).  Rather, the Constitution prohibits considering exclusively only that mitigation evidence that bears a relationship to the crime. *Tennard v. Dretke*, 542 U.S. 274, 284–86 (2004).

Here, when the Arizona Supreme Court conducted its second independent review, it did not preclude consideration

---

death penalty."  *Styers III*, 254 P.3d at 1134.  This reading of *Ring* is directly contrary to our decision in *Murdaugh v. Ryan*, 724 F.3d 1104 (9th Cir. 2013), and inconsistent with the Arizona Supreme Court's own opinion on remand in *Ring*, which held that "[b]ecause a trier of fact must determine whether mitigating circumstances call for leniency, we will affirm a capital sentence only if we conclude, beyond a reasonable doubt, that no rational trier of fact would determine that the mitigating circumstances were sufficiently substantial to call for leniency.  If we cannot reach that conclusion, we must find reversible error and remand the case for resentencing."  *State v. Ring*, 65 P.3d 915, 946 (Ariz. 2003). However, the Arizona Supreme Court's alternative holding does not affect its determination that its independent review per A.R.S. § 13-755 is not a direct review.  Because of the Arizona Supreme Court's finding that Styers's sentence remained final after issuance of the conditional writ, *Ring* does not apply, and so the Arizona Supreme Court's conclusion that *Ring* requires consideration only of aggravating factors does not affect the outcome in this case.

of Styers's PTSD, as it appeared to do in *Styers I*. There, the Arizona Supreme Court held that PTSD could constitute mitigating evidence in another case, but that it did not warrant leniency because Styers's PTSD was not causally related to Christopher Milke's murder. *Styers II*, 547 F.3d at 1035 (citing *Styers I*, 865 P. 3d at 777–78). In *Styers III*, the Arizona Supreme Court found that Styers failed to present evidence that his PTSD affected him at the time of the crime and that his actions belied any claim that the disorder did affect him. 254 P.3d at 1135–36. Based on this finding, the Arizona Supreme Court considered the mitigating evidence and decided to give it little weight.[8] Neither *Tennard*, 542 U.S. at 285, nor *Eddings*, 455 U.S. at 113–15, requires more.

## Conclusion

Styers has not shown that the Arizona Supreme Court made a decision contrary to, or involving an unreasonable application of, federal law as determined by the Supreme Court of the United States when it deemed his sentence final, refused to remand his case for a jury resentencing, and instead conducted an independent review under its death penalty statute. For these reasons, we **AFFIRM**.

---

[8] To the extent that Styers argues that the determination that his PTSD did not affect him at the time of the crime was an unreasonable determination of the facts in light of the evidence presented in the State court proceeding under 28 U.S.C. § 2254(d)(2), we decline to expand the certificate of appleability.