NOT FOR PUBLICATION



FILED

JUN 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARCHE L. HARRISON,

                Petitioner-Appellant,

v.

ERIC ARNOLD,

                Respondent-Appellee.

No.    15-16428

D.C. No. 3:14-CV-1121-JST

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
John S. Tigar, District Judge, Presiding

Submitted May 18, 2017[**]
San Francisco, California

Before:  TALLMAN and IKUTA, Circuit Judges, and OLIVER,[***] Chief District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Solomon Oliver, Jr., Chief United States District
Judge for the Northern District of Ohio, sitting by designation.

California state prisoner, Marche L. Harrison, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction for residential burglary, residential robbery, forcible rape while acting in concert, forcible oral copulation while acting in concert, and being a felon in possession of a firearm. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we review *de novo* the district court's denial of a state prisoner's habeas petition. *Styers v. Ryan*, 811 F.3d 292, 296 (9th Cir. 2015). We affirm.

I.

Petitioner argues that the California Court of Appeal's determination that the trial judge properly dismissed Juror No. 9 during jury deliberations was an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2), and thus violated his Sixth Amendment right to an impartial jury and his Due Process right to a fair trial. We disagree. The Court of Appeal's determination that Juror No. 9 was unable to follow the law was reasonably based on substantial evidence, including the juror's written questions to the court, the juror's attempt to take home his notes in contravention of instructions, and the juror's statement to the court that he hesitated before answering that he could follow the law even if he disagreed with it. Thus, "an appellate panel, applying the normal standards of appellate review," could reasonably conclude that the finding is supported by the record. *Hibbler v.*

2

*Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). The state court's ruling therefore was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2).

Nor was the state court's determination an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. *See id.* § 2254(d)(1). We review the last reasoned state court decision, here the California Court of Appeal's determination that the trial judge properly dismissed Juror No. 9 upon concluding that the juror was unable to follow the law. *See Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012). "The California Court of Appeal's opinion, finding that Juror No. [9] was properly removed, [also] adjudicated the petitioners' federal claims on the merits and is entitled to deference under 28 U.S.C. § 2254(d)." *Bell v. Uribe*, 748 F.3d 857, 864 (9th Cir. 2014); *see also Johnson v. Williams*, 133 S. Ct. 1088, 1091–92, 1096 (2013)*.* Under the Sixth Amendment, the right to trial by an impartial jury guarantees "jurors who will conscientiously apply the law and find the facts." *Wainwright v. Witt*, 469 U.S. 412, 423 (1985). Due process requires "a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). A criminal defendant does

3

not have the right to be tried by a juror who has "explicitly indicated an inability to follow the law and instructions of the trial judge." *Lockett v. Ohio*, 438 U.S. 586, 596–97 (1978). A trial court's decision as to whether a juror is qualified to carry out his duties is a factual determination entitled to deference in habeas proceedings. *Patton v. Yount*, 467 U.S. 1025, 1037 n.12 (1984).

## II.

We decline to expand the Certificate of Appealability to reach the uncertified issue of whether the trial court, in failing to inquire into allegations of juror misconduct brought by Juror No. 9 against other jurors, violated Petitioner's Sixth Amendment right to an impartial jury and his Due Process right to a fair trial. *See* 9th Cir. R. 22-1(e). The district court concluded that the trial court reasonably decided not to investigate Juror No. 9's perceptions of other jurors because an investigation would have delved into the deliberative process, and Juror No. 9's perceptions were not in themselves evidence of misconduct and were not supported by any other juror. Petitioner has failed to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AFFIRMED.**

4