NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JEFFREY STEVEN VALENTIN, *Appellant.*

No. 1 CA-CR 19-0083
FILED 7-7-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-142954-001
CR2018-002135-001
The Honorable Joseph P. Mikitish, Judge

**VACATED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Co-Counsel for Appellant*

Thomas W. Dean Attorney at Law, Phoenix
By Thomas W. Dean
*Co-Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

---

**C A M P B E L L,** Judge:

¶1          Jeffrey Steven Valentin appeals his conviction for possession of equipment or chemicals to manufacture a narcotic drug (cannabis). For reasons that follow, we vacate Valentin's conviction.

**BACKGROUND**

¶2          The relevant facts are uncontested. In September 2016, officers executed search warrants at Valentin's residence and another house that he used as a marijuana grow house. Three other individuals also cultivated marijuana at Valentin's grow house. During the searches, officers found large amounts of marijuana and cannabis, cash, and equipment and chemicals used to produce cannabis from marijuana. Valentin was a registered qualifying patient and a designated caregiver under the Arizona Medical Marijuana Act ("AMMA"), as were the other three individuals using the grow house.

¶3          The State charged Valentin with illegal control of an enterprise, two counts of possession of marijuana for sale, two counts of possession of a narcotic drug (cannabis) for sale, production of marijuana, two counts of money laundering, manufacture of a narcotic drug (cannabis), and possession of equipment or chemicals to manufacture a narcotic drug (cannabis). At trial, Valentin contended he was immune from prosecution under the AMMA. The superior court reserved the issue of immunity until after the jury returned its verdicts. Following a 12-day trial, the jury convicted Valentin of possession of equipment or chemicals for manufacturing cannabis but acquitted him of all other charges, including the lesser-included offenses of possession of marijuana and possession of cannabis. Applying *State v. Jones* ("*Jones I*"), 245 Ariz. 46 (App. 2018), the superior court ruled Valentin was not immune from prosecution for possessing equipment or chemicals to produce cannabis because the AMMA excluded cannabis. The court entered a judgment of conviction,

suspended Valentin's sentence, and imposed a three-year term of supervised probation. Valentin timely appealed.

**DISCUSSION**

**¶4**         In *State v. Jones ("Jones II")*, 246 Ariz. 452, 455, ¶ 10 (2019), issued after the judgment in this case, our supreme court overruled *Jones I*, holding that the AMMA's definition of marijuana includes cannabis and its protections apply to cannabis-related crimes. As a preliminary matter, *Jones II* applies to Valentin because his case is not final on direct appeal. *State v. Styers*, 227 Ariz. 186, 187–88, ¶¶ 5–6 (2011). Valentin asks us to vacate his conviction based on *Jones II*.

**¶5**         The State does not dispute that *Jones II* holds that the AMMA immunizes valid and compliant AMMA cardholders from prosecution for possession of equipment or chemicals to manufacture cannabis because it is a lesser-included offense of the AMMA-protected offense of manufacturing cannabis. 246 Ariz. at 455, ¶ 10 (stating that the AMMA statutes "indicate the AMMA's intent to allow the *manufacture* and preparation of parts of the marijuana plant for medical use, including extracting the resin [producing cannabis]") (emphasis added). The State contends, however, that this case should be remanded to determine whether Valentin possessed an allowable amount of marijuana under the AMMA to maintain his immunity. We review questions of law and statutory interpretation de novo. *State v. Neese*, 239 Ariz. 84, 86, ¶ 8 (App. 2016).

**¶6**         "AMMA permits those who meet statutory conditions to use medical marijuana." *Reed-Kaliher v. Hoggatt*, 237 Ariz. 119, 122, ¶ 7 (2015). "AMMA broadly immunizes qualified patients, carving out only narrow exceptions . . . ." *Id*. at ¶ 8; *see* A.R.S. § 36-2811(B) (immunizing a registered qualifying patient or a designated caregiver from prosecution if the patient or caregiver does not possess more than the allowable amount of marijuana). The "allowable amount" is "two and one-half ounces of usable marijuana." A.R.S. § 36-2801(1)(a)(i), (b)(i). "Usable marijuana" is defined as "the dried flowers of the marijuana plant, and any mixture or preparation thereof," but does not include "seeds, stalks, and roots." A.R.S. § 36-2801(17). In *Jones II*, our supreme court instructed that the allowable amount of cannabis is based on the weight of the dried marijuana flowers used to produce the cannabis, not the weight of the cannabis itself. 246 Ariz. at 456, ¶¶ 14–15.

¶7          "In claiming protection under [AMMA] statutory immunity, it is a defendant's burden to 'plead and prove,' by a preponderance of the evidence, that his or her actions fell within the range of immune action." *State v. Fields ex rel. Cnty. of Pima*, 232 Ariz. 265, 269, ¶ 15 (App. 2013). A registered qualifying patient or designated caregiver loses all immunity if the patient possesses more than the allowable amount. *Id.* at ¶ 14. Immunity is a question of law for the superior court. *Id.* at ¶ 15. "If the existence of immunity turns on disputed factual issues, the jury determines the facts and the court then determines whether those facts are sufficient to establish immunity." *Id.* (quotation omitted). Accordingly, when the quantity of marijuana is at issue, the jury determines whether the amount is over the threshold and the court then determines whether immunity applies.

¶8          At trial, the parties stipulated that Valentin possessed four designated caregiver cards, three of which permitted cultivation, and a registered qualifying patient card. This means under the AMMA, the aggregate amount he was permitted to possess was 12.5 ounces of usable marijuana. The three other individuals who grew marijuana at his grow house possessed a total of 11 caregiver cards, all with permission to cultivate and entitled to possess a quantity of marijuana as well. Before the superior court could find whether Valentin was immune under the AMMA following a conviction, the jury had to determine the amount of marijuana and cannabis Valentin possessed. *Id.* To that end, the court's instructions and verdict forms directed the jurors that if they found Valentin guilty of the lesser-included offenses of possession of marijuana or possession of cannabis, they must then determine whether Valentin possessed "more than 12.5 ounces of usable marijuana and/or cannabis" or less than that amount. Because the jurors acquitted Valentin, they did not make the subsidiary factual determinations.

¶9          The State argues the jurors' vote to acquit on the drug charges established only that the State did not prove its case on those charges beyond a reasonable doubt, and there is thus a question whether Valentin can meet his burden of proving by a preponderance of the evidence that he is immune from prosecution because the amount of drugs possessed was below the allowable limit for AMMA cardholders. The State contends that this factual finding must be made by the jury, and argues that the case must be remanded for a new jury to make a finding regarding the amount of drugs possessed.

¶10          To support its argument for a remand, the State relies solely on Valentin's testimony that a backpack found at his residence containing marijuana and cannabis belonged to him. Valentin told the jury that the backpack had ten to eleven ounces of marijuana in it, five of which were

usable, and a few cannabis items. Based on Valentin's admissions and closing argument, the State argues that "the AMMA grants Valentin immunity if the weight of the dried marijuana flowers plus the amount of dried marijuana flowers used to make the cannabis products [from the backpack] equaled less than 12.5 ounces." The State asserts that the record is "silent about the amount of dried marijuana flowers used to make the cannabis products that Valentin admitted he possessed. The record is also silent about exactly how much cannabis the police found in Valentin's backpack."

¶11        The flaw in the State's argument is that notwithstanding Valentin's testimony, the jury acquitted him of all marijuana and cannabis charges. Although the jurors did not fill in the form requesting that they determine the amount of marijuana and cannabis Valentin possessed, in considering charges of possession of marijuana/cannabis for sale, the jurors were instructed on the lesser-included offense of possession of marijuana/cannabis, and were specifically instructed that if they found the defendant guilty of the lesser-included offense, they were to indicate the amount of drugs the defendant possessed. Thus, under the superior court's fact-finding procedure (to which the State did not object), the State failed to prove Valentin possessed any quantity of marijuana/cannabis. Therefore, the burden to establish immunity never shifted to Valentin, and neither the jury nor the court had to make respective findings for the issue. *See Fields*, 232 Ariz. at 269, ¶ 15. Moreover, by finding Valentin not guilty of the lesser-included possession offenses and leaving blank the amount-possessed line on the verdict form, the jury essentially filled in the blank for the amount possessed with the number "zero," and it would be improper to have a new jury revisit that question.

¶12        In sum, *Jones II* extends AMMA immunity to the statute of conviction, and because the jury resolved all "disputed factual issues" regarding Valentin's possession of marijuana and cannabis fully in his favor at trial, the "facts are sufficient to establish immunity." *Fields*, 232 Ariz. at 269, ¶ 15. Accordingly, a remand is unnecessary to establish that Valentin complied with the AMMA's allowable amount threshold for a conviction that contains no cannabis-possession element after he was acquitted on the same evidence of all possession, sale, production, and manufacture charges for both marijuana and cannabis.

¶13        Finally, a remand such as the State seeks would produce an irrational result contrary to the AMMA's intent to broadly immunize qualified patients and caregivers: Valentin was acquitted of possessing the cannabis in his backpack but, on remand, would have to prove his

immunity for possessing the very same cannabis. *See Reed-Kaliher*, 237 Ariz. at 122, ¶¶ 6–8; *State v. Estrada*, 201 Ariz. 247, 251, ¶ 16 (2001) ("[W]e interpret and apply statutory language in a way that will avoid an untenable or irrational result."); *State v. Seyrafi*, 201 Ariz. 147, 150, ¶ 11 (App. 2001) ("We apply practical, common sense constructions rather than hypertechnical ones that would tend to frustrate legislative intent when we interpret criminal statutes."). It logically follows that a person must first be in possession of an item before the measure of that item can be made. The State may disagree with the jury's verdict, but we are bound by it. Accordingly, we find that Valentin was immune as a matter of law under the AMMA for possessing equipment and chemicals dedicated to manufacturing cannabis. *See Jones II*, 246 Ariz. at 455–57, ¶¶ 10, 16, 19.

**CONCLUSION**

¶14        For the foregoing reasons, we vacate Valentin's conviction.



AMY M. WOOD • Clerk of the Court
FILED:    AA