916 P.2d 1056

**STATE of Arizona, Appellee,**

v.

**Michael Steven GALLEGOS, Appellant.**

No. CR–94–0389–AP.

Supreme Court of Arizona,
En Banc.

May 3, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Division, Crane McClennan, Jon G. Anderson, Assistant Attorneys General, Phoenix, for State of Arizona.

Robert W. Doyle, Phoenix, for Appellant.

OPINION

ROBERT J. CORCORAN, Justice (Retired).

Michael Steven Gallegos (defendant) was convicted of first-degree murder and sexual conduct with a minor under age 15. On May 24, 1991, he was sentenced to death on the first-degree murder charge and to a presumptive consecutive sentence of 20 years on the sexual conduct charge. In *State v. Gallegos (Gallegos I )*, we remanded for resentencing on the first-degree murder charge. 178 Ariz. 1, 23, 870 P.2d 1097, 1119, *cert. denied,* —— U.S. ——, 115 S.Ct. 330, 130

L.Ed.2d 289 (1994). The trial court held a mitigation hearing on October 24, 1994, and again sentenced defendant to death. The case now returns to this court on direct appeal of the death sentence. A.R.S. § 13–4031. We affirm.

## I. FACTS

The facts of this case are set forth in detail in *Gallegos I. See* 178 Ariz. at 6–8, 870 P.2d at 1102–04.

## II. PROCEDURAL HISTORY

### A. *Gallegos I.*

In *Gallegos I,* we affirmed defendant's first-degree murder conviction and his sexual conduct conviction and sentence. 178 Ariz. at 23, 870 P.2d at 1119. With regard to the death sentence, we independently reviewed the aggravating and mitigating circumstances and affirmed the trial court's determination that the state had proved beyond a reasonable doubt the existence of two aggravating factors: (1) that defendant was an adult and the victim was under 15, A.R.S. § 13–703(F)(9), and (2) that the murder was especially heinous and depraved, A.R.S. § 13–703(F)(6). 178 Ariz. at 14–16, 870 P.2d at 1110–12. Having found that the murder was especially heinous and depraved, we did not review the trial court's finding that the murder was also especially cruel. *See State v. Fulminante,* 161 Ariz. 237, 254, 778 P.2d 602, 619 (1988) (a trial court's finding of any of the especially cruel, heinous, or depraved elements of A.R.S. § 13–703(F)(6) satisfies the statutory requirement); *Gallegos I,* 178 Ariz. at 15, 870 P.2d at 1112.

We also affirmed the trial court's finding that defendant had proved one statutory mitigating circumstance by a preponderance of the evidence: defendant's age (18) and his relative immaturity at the time of the murder, A.R.S. § 13–703(G)(5). 178 Ariz. at 16, 870 P.2d at 1112. In addition, we affirmed the trial court's finding of two non-statutory mitigating circumstances: (1) defendant's remorse; and (2) recommendations of leniency by the police. 178 Ariz. at 19–21, 870 P.2d at 1115–17. Finally, we concurred with the trial court that defendant failed to prove the

existence of two other non-statutory mitigating circumstances: (1) lack of intent; and (2) dismissal of charges against the co-defendant. 178 Ariz. at 19–20, 870 P.2d at 1115–16.

Pertinent to the present appeal, we agreed with the trial court that defendant's impairment by drugs and alcohol on the night of the offense was not significant and thus did not constitute a statutory mitigating factor. 178 Ariz. at 16, 870 P.2d at 1112; *see also* A.R.S. § 13–703(G)(1). At the original sentencing hearing, however, defendant's impairment evidence included his history of substance abuse and his learning disability. We determined that this history of impairment, combined with defendant's impairment "to some degree" when he committed the murder, formed a non-statutory mitigating circumstance. 178 Ariz. at 17–18, 870 P.2d at 1113–14. We therefore remanded the case to the trial court for resentencing. 178 Ariz. at 23, 870 P.2d at 1119.

### B. Resentencing hearing.

Over the state's objection, the trial court held a full resentencing hearing and allowed defendant to present any mitigation evidence that he desired.

#### 1. *Aggravating circumstances.*

The trial court again found two aggravating circumstances: (1) that defendant was an adult and the victim was under 15, A.R.S. § 13–703(F)(9); and (2) that the murder was especially heinous, cruel, and depraved, A.R.S. § 13–703(F)(6). The victim's age, although used to determine the existence of both statutory aggravating factors, was weighed once in sentencing.

#### 2. *Statutory mitigating circumstances.*

The court found that defendant proved by a preponderance of the evidence that his age and relative immaturity constituted a statutory mitigating circumstance. A.R.S. § 13–703(G)(5). However, the court found that defendant failed to prove by a preponderance of the evidence 3 other statutory mitigating circumstances: (1) his impairment, A.R.S. § 13–703(G)(1); (2) that he was legally accountable for the conduct of another and that

his participation in the crime was relatively minor, A.R.S. § 13–703(G)(3); and (3) that he could not reasonably have foreseen that his conduct would cause death, A.R.S. § 13–703(G)(4).

### 3. Non-statutory mitigating circumstances.

The court found that defendant proved by a preponderance of the evidence 4 non-statutory mitigating circumstances: (1) remorse; (2) recommendations of leniency by the police; (3) history of alcohol and drug abuse; and (4) alcohol impairment. The court also found that defendant had failed to prove "disparity in the treatment of defendant and [the codefendant, George]" as a non-statutory mitigating factor.

### 4. Sentence.

Before resentencing defendant, the trial court considered the evidence introduced at trial, stipulated mitigation evidence from the first sentencing hearing, the mitigation evidence that defendant presented at the resentencing hearing, and the presentence report and attachments. The court determined that the mitigating circumstances were not sufficiently substantial to call for leniency and resentenced defendant to death.

## III. ISSUES

Defendant presents 11 arguments on appeal. He presents 4 arguments to avoid preclusion and 7 principal arguments concerning the following mitigating circumstances:

1. Intoxication;
2. History of drug and alcohol abuse;
3. Remorse;
4. Age;
5. Prior record;
6. Lack of intent; and
7. Recommendation of leniency by police.

## IV. DISCUSSION

### 1. Intoxication.

On remand, the trial court determined that defendant's "alcohol impairment" was a non-statutory mitigating circumstance. Defendant argues on appeal that the trial court erroneously considered his actions after the murder when according weight to his impairment. Specifically, defendant argues that his actions after the murder do not reflect the extent of his intoxication when he committed the murder because he was an alcoholic with a high tolerance for alcohol, and the realization that the victim was dead was a sobering experience.

 This court independently weighs the mitigating factors to determine whether the weight allotted by the trial court justifies the sentence imposed. *State v. Fierro*, 166 Ariz. 539, 551, 804 P.2d 72, 84 (1990). We conclude that defendant's alcohol impairment was not a mitigating circumstance sufficiently substantial to call for leniency.

At the resentencing hearing, defendant testified about his substance abuse the day before the murder. According to this testimony, he smoked marijuana and consumed beer and hard alcohol in the morning and consumed some beers in the afternoon and evening. He could not recall how many beers he consumed. Charles J. Shaw, M.D., defendant's behavioral health expert, interviewed defendant 4½ years after the night of the murder. His report opined that defendant had a blood alcohol level (BAL) above .20 the night of the murder, which was high enough to affect his behavior and judgment. In contrast, Alexander M. Don, M.D., the state's psychiatric and substance abuse expert, concluded that Dr. Shaw's opinion was flawed, in part because it was based only on defendant's self-reporting, which was contradicted by the testimony of others.

We recently have discounted an expert's report of intoxication based on a defendant's self-reporting where the evidence did not corroborate defendant's story. *See State v. Stokley*, 182 Ariz. 505, 520, 898 P.2d 454, 469 (1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 787, 133 L.Ed.2d 737 (1996). In this case, in contrast to defendant's testimony and to Dr. Shaw's report, the victim's mother testified that defendant and George did not show signs of intoxication the night of the murder and that she did not see them drink any alcohol at home that evening. Detective Ar-

mando Saldate, who interviewed defendant the day after the murder, also testified. In his opinion, defendant was not intoxicated at the time of the murder because defendant recounted in detail the events that transpired before, during, and after the murder. The evidence elicited at the resentencing hearing still does not corroborate defendant's claim of impairment. *See Gallegos I,* 178 Ariz. at 16, 870 P.2d at 1112 (finding the evidence of defendant's impairment the night of the murder "largely uncorroborated").

We therefore conclude that defendant's impairment at the time of the murder merits little, if any, weight in mitigation.

### 2. History of drug and alcohol abuse.

Defendant argues on appeal that the trial court failed to afford adequate weight to his history of substance abuse as a non-statutory mitigating circumstance. At the resentencing hearing, defendant and 9 lay witnesses testified concerning defendant's past substance abuse, and Dr. Shaw's report discussed defendant's self-report of past substance abuse. Defendant testified at the resentencing hearing that he started drinking alcohol 5 or 6 years before the murder and that he used marijuana once or twice a week starting approximately 5 years before the murder. Defendant was 18 when he murdered the victim. He further testified that he had used methamphetamines 3 or 4 times a day when he could obtain the drug, but he had stopped using this drug about a year before the murder. Additionally, defendant testified that he occasionally stopped smoking marijuana during a two-year period when he was on juvenile probation, but also that he used a substance named "golden seal root" to avoid detection of his marijuana use during urinalysis tests that were required as part of his juvenile probation. Finally, defendant testified that he was counselled for marijuana abuse while he was on juvenile probation but that his probation officer believed that he did not have an alcohol abuse problem.

The lay witnesses generally corroborated defendant's testimony with regard to his alcohol consumption and marijuana use and described defendant as non-violent when he was under the influence of drugs or alcohol.

Two witnesses corroborated defendant's statement that he had used methamphetamines.

To the extent that defendant abused alcohol and marijuana, he also failed to benefit from counselling during his probationary period and tried to mask his use of marijuana in order to avoid detection by his probation officer. We have held that failure to seek treatment for substance abuse problems reduces the mitigating weight of the abuse. *See State v. King,* 180 Ariz. 268, 288, 883 P.2d 1024, 1044 (1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995) (finding de minimis mitigation where defendant believed he did not have substance abuse problems and therefore failed to seek treatment); *State v. West,* 176 Ariz. 432, 450, 862 P.2d 192, 210 (1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1635, 128 L.Ed.2d 358 (1994). Defendant, his family, and friends all testified that they knew about defendant's alleged substance abuse years before he murdered the victim, but defendant did not act to resolve the problem. In addition, defendant had an opportunity while on probation to confront and to resolve his substance abuse problem through counselling. Instead, he tried to mask his continuing drug use, and he admitted avoiding the topic of his substance abuse with his probation officer.

We therefore conclude that defendant's past substance abuse is worthy of little, if any, weight in mitigation.

### 3. Remorse.

Defendant argues that the trial court failed to give adequate weight to his remorse as a non-statutory mitigating circumstance. In *Gallegos I,* we stated that defendant's actions after the victim's death, especially his sodomizing her, dumping her naked body under a tree, and trying to lead the police astray, indicated a lack of remorse. 178 Ariz. at 19, 870 P.2d at 1115. However, we concluded that defendant's eventual cooperation with the police and his expression of remorse at the sentencing hearing justified the trial court's finding that his remorse was a mitigating circumstance. *Id.*

At the resentencing hearing, defendant again expressed his remorse. We again agree that defendant's remorse is a non-statutory mitigating circumstance.

### 4. Age.

In *Gallegos I*, we agreed with the trial court's finding that defendant's age (18) when he committed the murder was a statutory mitigating circumstance. 178 Ariz. at 16, 870 P.2d at 1112; A.R.S. § 13–703(G)(5). At resentencing, the trial court again found that defendant's age was a statutory mitigating circumstance. Defendant argues on appeal that the trial court failed to give sufficient weight to his age in mitigation.

■ The weight that age should receive as a mitigating factor depends on the defendant's intelligence, maturity, and life experiences. *State v. Herrera*, 174 Ariz. 387, 398, 850 P.2d 100, 111 (1993). In this case, defendant was in special education classes beginning in second grade, which could indicate that his intelligence was below average. A psychological expert's report concluded, however, that defendant has "at least average fluid intelligence," that he is "not mentally deficient," and that he can understand the consequences of his behavior.

■ In addition, a court can measure maturity by the degree of the defendant's participation in the crime. *Herrera*, 174 Ariz. at 398, 850 P.2d at 111; *State v. Correll*, 148 Ariz. 468, 482, 715 P.2d 721, 735 (1986). In this case, defendant claims that his crime was a hasty, impulsive act. We disagree. Defendant decided to go into the victim's room at night to fondle her. He lifted her nightshirt and poured baby oil over the small of her back. When she started to wake up, he suffocated her. When he thought she was dead, he pulled her onto the floor and sodomized her because "it wasn't like she was going to tell anybody." He then took the body out of the house, left it under a tree, went home, and went to bed. The next day, he worked on his car as if nothing had happened and later tried to distract the police from finding the victim's body. These facts contradict defendant's claim that this was an act of sudden, perhaps adolescent, passion. Defen-

dant's participation was extensive and prolonged.

We therefore conclude that his age is a statutory mitigating circumstance worthy of some weight, but we discount it by the extent of defendant's participation in the murder.

### 5. Prior record.

■ Defendant urges us to find that his prior record is a non-statutory mitigating circumstance. Defendant was 18 when he committed the murder, so his lack of an adult record is not impressive. His juvenile record between 1984 and 1989 contains 4 referrals that were not dismissed: a weapons offense, possession of marijuana, felony theft, and probation violation. *See State v. Scott*, 177 Ariz. 131, 145, 865 P.2d 792, 806 (1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 129, 130 L.Ed.2d 73 (1994) ("[A]rrests or misdemeanor convictions may be considered when lack of felony convictions is advanced as a mitigating factor.") (internal quotations and citation omitted). Defendant successfully completed a 6–month probation, but he violated the terms of a second one-year probation by testing positive for methamphetamine and marijuana use. He was excessively truant in school the year of the murder and was suspended for 21 days.

We therefore conclude that defendant's prior record is not a mitigating circumstance in this case.

### 6. Lack of intent.

At both the original and resentencing hearings, defendant claimed that he did not intend to kill the victim. In its original special verdict, the trial court found that defendant's "mental state was, *at the very least*, one of reckless indifference to the value of human life...." *See Gallegos I*, 178 Ariz. at 19–20 n. 4, 870 P.2d at 1115–16 n. 4 (emphasis in original). This court concurred in *Gallegos I*, stating that "[e]ven if we were to accept defendant's claim that he did not *desire* to kill the victim, the fact remains that he still acted with knowledge that his behavior was substantially likely to cause this result." 178 Ariz. at 19, 870 P.2d at 1115 (emphasis in original). At resentencing, the trial court again determined that defendant

failed to prove lack of intent as a statutory mitigating factor. *See* A.R.S. § 13–703(G)(3).

In *Gallegos I*, we applied the definition of "intent" from *State v. Jordan*: "Generally, when a defendant acts with the knowledge that his behavior is substantially likely to cause a result[,] he is considered to intend that result." 126 Ariz. 283, 288, 614 P.2d 825, 830 (1980). On appeal, defendant urges us to use the statutory definition:

"Intentionally" or "with the intent to" means, with respect to a result or to conduct described by a statute defining an offense, that a person's objective is to cause that result or to engage in that conduct.

A.R.S. § 13–105(9)(a).

Defendant's argument fails to recognize that § 13–105(9)(a) applies only to statutes "defining an offense." Section 13–703, on the other hand, establishes the criteria for determining whether a trial court should sentence a defendant to death and does not define an offense. Moreover, the word "intentionally" does not appear in § 13–703(G), so the statutory definition would not apply to § 13–703(G), even if the language of § 13–105(9)(a) were broader.

Defendant elicited testimony from lay witnesses at the resentencing hearing, however, that he was excessively influenced by the codefendant, George, and we give some mitigating weight to this testimony. In contrast, defendant testified that it was a "joint decision" to go into the victim's bedroom and fondle her. He also testified that, after the murder, he told George to take his shoes off while they took the victim's body out of the house. Defendant's actions before, during, and after the murder reveal decisiveness and intent.

We therefore conclude that defendant failed to prove lack of intent as a non-statutory mitigating circumstance in this case.

**7. Recommendation of leniency by police.**

In the original special verdict, the trial court found that the recommendations of leniency of Detectives Saldate and Michael Chambers constituted a non-statutory miti-

gating circumstance. We concurred in *Gallegos I*. We noted, however, that the recommendations of leniency were based in part on the fact that charges were dropped against George, and we stated that "the dismissal of charges against George is not a legally relevant mitigating factor." 178 Ariz. at 20–21, 870 P.2d at 1116–17.

At the resentencing hearing, the trial court again found that the recommendations of leniency were a non-statutory mitigating factor insufficiently substantial to call for leniency. Defendant argues on appeal that the trial court should have assigned greater mitigating weight to the officers' recommendations.

Each detective's testimony at the resentencing hearing was essentially the same as his testimony at the original sentencing hearing. Detective Saldate testified that he believed that defendant should not be sentenced to death because the charges against George were dropped. Detective Chambers testified that he believed the death penalty was inappropriate because the murder was "almost an accident" and the victim's body was not dismembered. We again concur with Judge Hotham that the recommendations of leniency by Detectives Saldate and Chambers are a mitigating circumstance. *See Gallegos I*, 178 Ariz. at 20–21, 870 P.2d at 1116–17.

**V. INDEPENDENT REVIEW**

We have reviewed the record of the resentencing hearing, including all of the evidence presented in mitigation. We affirm the trial court's determination that there were two aggravating circumstances: (1) the murder was heinous and depraved, A.R.S. § 13–703(F)(6); and (2) defendant was an adult and the victim was under 15, A.R.S. § 13–703(F)(9). In addition, we affirm the trial court's finding that defendant's age and relative immaturity constituted a statutory mitigating circumstance, A.R.S. § 13–703(G)(5), but that defendant failed to prove by a preponderance of the evidence: (1) that he was impaired, A.R.S. § 13–703(G)(1); (2) that he was legally accountable for the conduct of another and that his participation in the crime was relatively minor, A.R.S. § 13–

703(G)(3); and (3) that he could not reasonably have foreseen that his conduct would cause death, A.R.S. § 13–703(G)(4). We also affirm the trial court's determination that defendant proved by a preponderance of the evidence 4 non-statutory mitigating circumstances: (1) alcohol impairment; (2) history of alcohol and drug abuse; (3) recommendations of leniency by the police; and (4) remorse. Finally, we affirm the court's determination that defendant failed to prove "disparity in the treatment of defendant and George" as a non-statutory mitigating factor.[1] We conclude that the mitigation is insufficiently substantial to call for leniency.

## VI. ISSUES RAISED TO AVOID PRECLUSION

■ Defendant raises the following 4 issues to avoid preclusion:

**1. Arizona's death penalty statute violates equal protection by permitting different definitions for cruel and unusual punishment and cruelty as an aggravating factor.**

■ This argument was rejected in *Walton v. Arizona*, 497 U.S. 639, 653–55, 110 S.Ct. 3047, 3056–58, 111 L.Ed.2d 511 (1990), *aff'g State v. Walton*, 159 Ariz. 571, 769 P.2d 1017 (1989); *see also State v. Roscoe*, 184 Ariz. 484, 501, 910 P.2d 635, 652 (1996).

**2. The Arizona death penalty statute violates the Eighth Amendment because it does not sufficiently channel the sentencer's discretion.**

■ We previously have rejected this argument. *State v. Greenway*, 170 Ariz. 155, 164, 823 P.2d 22, 31 (1991); *State v. Gulbrandson*, 184 Ariz. 46, 62, 906 P.2d 579, 605 (1995).

**3. Defendant was denied his right, under the Fourteenth Amendment, to equal protection because he was deprived of a jury trial on aggravating factors.**

This argument previously has been rejected. *Walton*, 497 U.S. at 647–49, 110 S.Ct. at 3054–55; *Gulbrandson*, 184 Ariz. at 62, 906 P.2d at 605.

■ **4. Proportionality review of defendant's death sentence is constitutionally required.**

This argument previously has been rejected. *Pulley v. Harris*, 465 U.S. 37, 43–44 & n. 6, 104 S.Ct. 871, 875–76 & n. 6, 79 L.Ed.2d 29 (1984); *State v. Salazar*, 173 Ariz. 399, 416, 844 P.2d 566, 583 (1992), *cert. denied*, 509 U.S. 912, 113 S.Ct. 3017, 125 L.Ed.2d 707 (1993).

## VII. DISPOSITION

We previously affirmed defendant's convictions for first-degree murder and sexual conduct with a minor under 15 and his sexual conduct sentence. *Gallegos I*, 178 Ariz. at 23, 870 P.2d at 1119. We have reviewed the record for fundamental error and found none. *See State v. Kemp*, 185 Ariz. 52, 57 & n. 1, 912 P.2d 1281, 1296 & n. 1 (1996). The mitigating circumstances, when considered individually and cumulatively, are not sufficiently substantial to call for leniency. We therefore affirm defendant's death sentence.

FELDMAN, C.J., ZLAKET, V.C.J., and MOELLER and MARTONE, JJ., concur.

---

1. Defendant has not challenged this finding on appeal.