**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MICHAEL GALLEGOS,
                    *Petitioner-Appellant*,

v.

CHARLES L. RYAN,
                    *Respondent-Appellee.*

No. 08-99029

D.C. No.
2:01-cv-01909-NVM

ORDER

Filed November 30, 2016

Before:  Marsha S. Berzon, Consuelo M. Callahan,
and Carlos T. Bea, Circuit Judges.

Order;
Dissent by Judge Callahan

## SUMMARY*

### Habeas Corpus

The panel granted a petition for panel rehearing, and amended its April 7, 2016 order in a habeas corpus case in which Arizona state prisoner Michael Gallegos challenges his conviction and death sentence for first-degree murder and sexual conduct with a minor.

The panel amended the first paragraph of the April 7 order to grant in part Gallegos's motion for stay and partial remand for reconsideration in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The panel instructed the district court to consider, on remand, Gallegos's timely *Martinez* claim and to determine whether he can show cause and prejudice to excuse the procedural default with respect to his claim that counsel failed to investigate and present mitigating evidence of Gallegos's alleged organic brain damage. The panel denied as moot Gallegos's request for a stay of appellate proceedings.

The panel wrote that the second paragraph of the April 7 order remains in effect, and that the panel's April 7 opinion affirming the denial of Gallegos's other habeas claim remains in force.

Dissenting from the grant of a partial remand for reconsideration in light of *Martinez*, Judge Callahan wrote that she does not think that Gallegos had made the minimal

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

showing of ineffective assistance of counsel required for a remand.

---

**ORDER**

Appellant Gallegos's Petition for Panel Rehearing is granted.

The first paragraph of the panel's April 7, 2016 order is amended to read as follows:

The panel GRANTS IN PART Appellant Gallegos's Motion for Stay and Partial Remand for Reconsideration in Light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). On remand, the District Court shall consider Gallegos's timely *Martinez* claim and, accordingly, determine whether he can show cause and prejudice to excuse the procedural default with respect to his claim that counsel failed to investigate and present mitigating evidence of Gallegos's alleged organic brain damage. *See Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (en banc). Gallegos's request for a stay of appellate proceedings is denied as moot.

The second paragraph of the April 7, 2016 order remains in effect.

The panel's April 7, 2016 opinion affirming the denial of Appellant's other habeas claim remains in force.

The Clerk shall issue the mandate seven days after the date of this order.

No further petitions for rehearing or rehearing en banc shall be entertained.

---

CALLAHAN, Circuit Judge, dissenting:

I respectfully dissent from the grant of a partial remand for reconsideration in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). We held in *Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (en banc), that *Martinez* may provide a path for a state defendant such as Gallegos "to demonstrate cause, if he can show the first two *Martinez* elements: (1) the claim is substantial and (2) that his PCR counsel was ineffective under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]." I do not think that Gallegos has made the minimal showing required for a remand.[1]

An Arizona jury found that in 1990 Gallegos "had anally raped and killed eight-year-old Kendall Wishon, a girl his brother had raised as a daughter." *Gallegos v. Ryan*, 820 F.3d 1013, 1016 (9th Cir. 2016). The trial judge sentenced Gallegos to death. *Id*. The Arizona Supreme Court initially affirmed the conviction but remanded for resentencing. *State v. Gallegos*, 870 P.2d 1097 (Ariz. 1994). At resentencing, the trial judge again imposed the death penalty and on appeal the Arizona Supreme Court affirmed the sentence. *State v. Gallegos*, 916 P.2d 1056 (Ariz. 1996) (en banc), *cert. denied*, 519 U.S. 996 (1996). At the resentencing, Gallegos' counsel presented evidence concerning Gallegos' learning disabilities,

---

[1] In *Martinez*, 132 S. Ct. at 1318–19, the Supreme Court indicated that a defendant need only meet the standard for a certificate of appealability.

that he was a follower, used drugs extensively, was an alcoholic, and was intoxicated at the time of the crime.

Gallegos filed a petition for post-conviction relief in state court in 1999. Although the petition mentioned that counsel had failed to adequately investigate Gallegos' mental health, the issue was not argued. In 2000, the state court, after holding an evidentiary hearing, determined that Gallegos' claims regarding ineffective assistance of counsel lacked merit and denied Gallegos' petition.

Gallegos filed his federal habeas petition in the United States District Court for the District of Arizona in 2001. In its 2008 order denying the petition, the District Court carefully reviewed the presentation of evidence in Gallegos' resentencing and in his state post-conviction proceeding, and concluded that "[i]t is difficult to envision how counsel could have presented a more complete picture of Petitioner's impairment and history of substance abuse, as well as his passive personality and the dynamics of his relationship with Smallwood."

The District Court did certify the question of ineffective assistance of counsel at sentencing for appeal, and in our April 2016 opinion we basically affirmed the District Court's decision. *Gallegos*, 820 F.3d 1013.

However, in 2011, while this appeal was pending, Gallegos' counsel procured a new diagnosis of Gallegos' mental health from a clinical neuro-psychologist. In part on the basis of Gallegos self-reporting of "what appear to be at

least three significant head traumas when he was a youth,"**[2]** the neuro-psychologist opined that "[o]verall, considering the history, interview information, and neuropsychological profile elucidated above, it is my opinion that there is *objective evidence of cognitive dysfunction reflecting brain-based disturbances in functioning.*" He further opined "that Mr. Gallegos' brain damage was present at the time he committed the crimes."

On the existing record, Gallegos has not made the minimal showing of ineffective assistance of counsel in regard to investigating his mental health. The record indicates that over the course of the first decade after the crime, Gallegos' attorneys queried Gallegos, his friends, and family about his mental health. Considerable information was developed concerning his learning disabilities, his drug use, his alcoholism, and being a follower, but nobody suggested that he had "organic brain damage." It is possible that, as Dr. Heilbronner opines, Gallegos has "organic brain damage." But this does not even suggest ineffective assistance of counsel at resentencing or on post-conviction review because the diagnosis is offered for the first time some 30 years after the crime and is based on Gallegos' self reporting, also some 30 years after the crime, of possible "significant head traumas" that occurred before the crime. Dr. Heilbronner's report states that Gallegos did not go to a hospital for the most serious of his head traumas, and the

---

**[2]** The alleged incidents are (1) when he had been drinking he tried to jump over a flower bed, but fell backwards, hit his head on a concrete block, and has no memory of what happened the rest of the night; (2) on an occasion when he was riding a 3-wheeler which crashed, "he recalls waking up on the living room floor the next day and the back of his shirt was bloody"; and (3) another time when he was on a 3-wheeler he hit the back of at tree and "was out for awhile."

implication is that he did not seek medical attention for either of the other traumas. Counsel can hardly be faulted when Gallegos, his friends, and his family all failed to relate the occurrence of head traumas (not medically reported) when asked about Gallegos' mental health including his learning disabilities, use of drugs, and alcoholism.

This is not to suggest that the State's other arguments for rejecting Gallegos' "new claim" lack merit.[3] Rather, I would hold that even assuming that Gallegos hurdled all the other obstacles to asserting an ineffective assistance of counsel claim some 30 years after the crime, he nonetheless has failed to make the minimal showing of ineffective assistance of counsel required for a remand and an evidentiary hearing in the district court. Accordingly, I dissent from the grant of a partial remand for reconsideration in light of *Martinez*, 132 S. Ct. 1309.

---

[3] In opposing Gallegos' petition for rehearing, the State raises a number of non-frivolous arguments including whether Gallegos' claim is new, whether it is timely, and whether, even if the claim is new, it is substantial.