NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA ex rel. RACHEL H. MITCHELL,
Maricopa County Attorney, *Petitioner*,

*v.*

THE HONORABLE ROY WHITEHEAD, Judge of the
SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA, *Respondent Judge*.

MICHAEL STEVEN GALLEGOS, *Real Party in Interest*.

No. 1 CA-SA 23-0029
FILED 10-12-2023

Petition for Special Action from the Superior Court in Maricopa County
No.  CR1990-003339-A
The Honorable Roy Whitehead, Judge
The Honorable Frank W. Moskowitz, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Sarah Heckathorne, John Schneider
*Counsel for Petitioner*

Willmott & Associates, PLC, Phoenix
By Jennifer L. Willmott
*Co-Counsel for Real Party in Interest*

Varcoe Law Firm, PLLC, Phoenix
By Robyn Greenberg Varcoe
*Co-Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge David D. Weinzweig joined.

---

**C A M P B E L L**, Judge:

**¶1** The Maricopa County Attorney seeks special action relief on behalf of the State of Arizona (collectively, the State), challenging a superior court order granting the real party in interest's (Michael Steven Gallegos) request for an aggravation phase jury trial as part of a sentencing hearing held on remand. Initially this Court declined to accept special action jurisdiction. The State filed a petition for review with the Arizona Supreme Court who remanded this case back to the Arizona Court of Appeals for consideration on the merits.

**¶2** Because the predicate error for the sentencing remand—defense counsel's ineffective assistance in presenting mitigation evidence—does not concern the trial court's finding of aggravating circumstances, there is no legal basis for ordering a new aggravation phase trial on collateral review. Accordingly, we accept special action jurisdiction and grant relief.

## BACKGROUND

**¶3** In 1991, a jury convicted Gallegos of first-degree murder and sexual conduct with a minor. *State v. Gallegos (Gallegos I)*, 178 Ariz. 1, 8 (1994). The trial court then found two aggravating circumstances: (1) Gallegos committed the murder in an especially heinous, cruel, or depraved manner, and (2) Gallegos was an adult at the time of the offense and the victim was a child under 15 years of age. *Id*. In mitigation, the trial court found: (1) Gallegos's age, 18, at the time of the offense, (2) Gallegos's remorse, and (3) recommendations of leniency from two law enforcement

2

officers. *Id*. After determining that each aggravating circumstance, alone, "outweigh[ed] the total mitigation," the trial court sentenced Gallegos to death for murder and to a consecutive, presumptive 20-year term of imprisonment for sexual conduct with a minor. *Id*.

¶4        On appeal, the Arizona Supreme Court affirmed both convictions and the sentence for sexual conduct with a minor but remanded for capital resentencing. *Id*. at 23. After independently reviewing the record, the supreme court concluded that sufficient evidence supported the trial court's aggravating-circumstances findings, but the court should have considered whether Gallegos's impairment on the night of the murder was a mitigating circumstance when evaluating whether to impose the death penalty. *Id*. at 14–23.

¶5        On remand, and over the State's objection, the trial court held "a full resentencing hearing," allowing Gallegos "to present any mitigation evidence that he desired." *State v. Gallegos (Gallegos II)*, 185 Ariz. 340, 343 (1996). At the close of evidence, the trial court again found two aggravating circumstances: (1) Gallegos was an adult and the victim was under age 15 at the time of the offense, and (2) the murder was especially heinous, cruel, and depraved. *Id*. In mitigation, the trial court found: (1) Gallegos's age, (2) Gallegos's remorse, (3) Gallegos's history of alcohol and drug abuse, (4) Gallegos's impairment at the time of the offense, and (5) the recommendations of leniency by law enforcement officers. *Id*. at 343–44. Having considered the evidence produced at trial, the first sentencing hearing, and the resentencing hearing, the trial court "determined that the mitigating circumstances were not sufficiently substantial to call for leniency and resentenced [Gallegos] to death." *Id*. at 344.

¶6        On appeal, the Arizona Supreme Court independently reviewed the record, "including all of the evidence presented in mitigation." *Id*. at 347. Affirming the trial court's determination of both aggravating circumstances and mitigating factors, the supreme court upheld Gallegos's death sentence. *Id*. at 347–48.

¶7        After unsuccessfully pursuing post-conviction relief in state court, Gallegos filed a habeas petition in the federal district court, which denied relief. *Gallegos v. Shinn (Gallegos III)*, CV 01-01909, 2020 WL 7230698, at *1 (D. Ariz. Dec. 8, 2020) (order). On appeal to the Ninth Circuit, Gallegos argued defense counsel was ineffective at both "the guilt and sentencing phases of trial," having "failed to provide scientific evidence about [Gallegos's] learning disability." *Id*. The Ninth Circuit denied Gallegos's ineffective assistance of counsel claims. *Id*. Thereafter, Gallegos petitioned

for a rehearing, asserting that "new 'evidence of organic brain damage' fundamentally altered his claim of ineffective assistance of counsel at sentencing." *Id*. at *2. The Ninth Circuit granted Gallegos's petition for rehearing and ordered a partial remand to the district court to determine whether resentencing counsel performed deficiently, thereby prejudicing Gallegos. *Id*.; *Gallegos v. Ryan (Gallegos IV)*, 842 F.3d 1123 (9th Cir. 2016).

¶8 On remand from the Ninth Circuit, the district court determined that resentencing counsel's performance fell below an objective standard of reasonableness and prejudiced Gallegos. *Gallegos III*, 2020 WL 7230698 at *21, 28. Specifically, the district court found that resentencing counsel had "notice" that Gallegos sustained a head injury and suffered from a learning disability, yet "fail[ed] to investigate and present evidence of organic brain damage at [the] 1994 resentencing." *Id*. at *21–22, 24. Having found that resentencing counsel performed ineffectively, the district court granted Gallegos's petition for writ of habeas corpus and ordered:

> [T]he State of Arizona is directed to vacate Gallegos's death sentence and impose a lesser sentence unless it notifies this Court, within 120 days from the entry of this Judgment, that it has initiated a new sentencing hearing or vacated Gallegos's sentence and imposed a lesser sentence in accordance with state and federal law.

*Id*. at *28.

¶9 In compliance with the district court's order, the State initiated new sentencing proceedings and noticed its continuing intent to seek the death penalty. In response, Gallegos requested an aggravation phase jury trial, in addition to a penalty phase jury trial, arguing he is entitled under federal law—established after his resentencing—to a jury determination of the presence or absence of any aggravating circumstances qualifying him for the death penalty. Acknowledging that "federal courts do not distinguish between an aggravation phase and a penalty phase . . . as the Arizona state courts do," Gallegos asserted that a federal court remand for "resentencing" necessarily "encompasses both aggravating and mitigating factors that must be considered by a jury."

¶10 After full briefing and oral argument, the superior court granted Gallegos's motion. Recognizing that a defendant is not entitled to the application of new constitutional rules of criminal procedure "while still on collateral review," the superior court framed the issue as "whether this

4

case is no longer final." Because the district court ordered the State to either vacate Gallegos's death sentence or initiate a new sentencing hearing, the superior court reasoned that the case "is not final because it is still subject to direct review by the Arizona Supreme Court." Accordingly, the superior court concluded that Gallegos "is entitled to the application of current federal constitutional rules," and ordered a new aggravation phase jury trial.

¶11 The State moved for reconsideration, which the superior court denied. The State petitions this court for relief.

## DISCUSSION

¶12 Because the legal basis for the district court's resentencing remand was limited to defense counsel's ineffective assistance in presenting mitigation evidence—a penalty phase error—and the remand order did not call into question the aggravating factors found by the trial court at resentencing, the State contends that the superior court's order for a new aggravation phase jury trial "impermissibly expands the scope of the hearing on remand." Gallegos, in turn, argues that absent express language in the order limiting the scope of the sentencing remand to only a new penalty phase proceeding, the superior court has discretion to order that the "resentencing hearing include proof of the aggravating circumstances to a jury."

¶13 We review the interpretation of statutes and constitutional provisions de novo. *State v. Lynch*, 238 Ariz. 84, 101, ¶ 53 (2015), overruled on other grounds by *Lynch v. Arizona*, 578 U.S. 613, 613–17 (2016). We likewise review the scope of a superior court's authority de novo. *See Planned Parenthood Ariz., Inc. v. Brnovich*, 254 Ariz. 401, ¶ 8 (App. 2022); *Veronica T. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 7, 9, ¶ 12 (App. 2005).

¶14 Arizona's capital-sentencing statutory scheme bifurcates the sentencing process into two distinct phases: (1) the aggravation phase, and (2) the penalty phase. A.R.S. § 13-752(C), (D). Historically, as in this case, the trial judge, "alone," conducted a separate sentencing hearing to evaluate "the existence or nonexistence" of certain, enumerated aggravating factors and, upon finding an aggravating circumstance, imposed the death penalty absent a finding that mitigating factors "call[ed] for leniency." *See* A.R.S. § 13-703(C)–(F) (2001); *see also* 2002 Ariz. Sess. Laws, ch. 1, § 3 (5th Spec. Sess.). However, in *Ring v. Arizona*, the United States Supreme Court held that a jury, not a judge, must find the presence or absence of aggravating factors because they "operate as the functional

equivalent of an element of a greater offense"—striking down Arizona's former death-penalty statutory scheme. 536 U.S. 584, 609 (2002) (internal quotation omitted).

¶15      To bring Arizona's capital sentencing scheme into compliance with *Ring*, the legislature adopted A.R.S. § 13-752, which requires the guilt-phase "trier of fact"—a jury, unless the defendant and the State waive it—to make "special finding[s]" on "each alleged aggravating circumstance," evaluate any mitigation evidence presented, and unanimously determine the "appropriate sentence." A.R.S. § 13-752(C)–(H), (S)(1). As particularly relevant here, the statute also provides:

> N. If the sentence of a person who was sentenced to death is overturned, the person shall be resentenced pursuant to this section by a jury that is specifically impaneled for this purpose as if the original sentencing had not occurred.

> O. In any case that requires sentencing or resentencing in which the defendant has been convicted of an offense that is punishable by death and in which the trier of fact was a judge or a jury that has since been discharged, the defendant shall be sentenced or resentenced pursuant to this section by a jury that is specifically impaneled for this purpose.

A.R.S. § 13-752(N), (O).

¶16      Noting the ambiguity and apparent tension between these provisions, the Arizona Supreme Court clarified "when a defendant is entitled to an entirely new sentencing proceeding" or "only a new penalty-phase proceeding." *Lynch*, 238 Ariz. at 102, ¶ 56. Looking to the legislative history of A.R.S. § 13-752—"an emergency measure . . . to bring Arizona's death penalty statutes into compliance"—the supreme court determined that "the legislature intended for subsection (N) to be a limited solution" for *Ring*-defective sentences. *Id*. at ¶ 57. By contrast, the supreme court concluded that the legislature intended for subsection (O) to apply generally to all death sentences overturned for any other reason. *Id*. at ¶ 58. As further support for this construction, the supreme court pointed to other A.R.S. § 13-752 subsections demonstrating that the statute "seeks to avoid retrials of proceedings untainted by error." *Id*.; A.R.S. § 13-752(J) (providing that, when a jury cannot reach a verdict on aggravating circumstances, "[t]he new jury shall not retry the issue of the defendant's guilt"); A.R.S. § 13-752(K) (providing that, when a jury cannot reach a verdict in the penalty phase, "[t]he new jury shall not retry the issue of the defendant's guilt or

the issue regarding any of the aggravating circumstances that the first jury found by unanimous verdict to be proved or not proved"). Indeed, the supreme court made clear that "[r]equiring a retrial of the entire sentencing proceeding when the error occurred only during the penalty phase would *undermine the statute's purpose*." *Lynch*, 238 Ariz. at 102, ¶ 58 (emphasis added). Because the underlying error necessitating resentencing in *Lynch* arose from the penalty phase and the original sentence was not reversed as a *Ring*-defective sentence or for "any other error in the aggravation phase," the supreme court concluded that "[l]imiting the retrial to the penalty phase was consistent with justice and the rights of the parties." *Id*. at ¶ 59. Although the defendant "was not entitled . . . to retry the aggravation phase when no error occurred in that proceeding," the supreme court noted that during the penalty phase, both parties could "introduce evidence pertaining to the aggravating circumstances previously found because aggravation-phase evidence is directly relevant to whether the mitigation is sufficiently substantial to call for leniency." *Id*. at 102–03, ¶ 60 (internal quotation omitted).

**¶17** Apart from being consistent with A.R.S. § 13-752's legislative history and following the *in pari materia* doctrine to construe related statutory provisions together, *see Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017), the supreme court's holding in *Lynch* also abides by the general principle that new constitutional rules do not apply retroactively to cases that have become final. *State v. Towery*, 204 Ariz. 386, 389, 393–94, ¶¶ 6–7, 25, 30 (2003) (concluding that *Ring* does not apply retroactively). "A defendant's case becomes final when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" *Id*. at 389–90, ¶ 8 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987)). Specific to the application of *Ring*, the Arizona Supreme Court has held that a defendant whose "case was 'final' before the decision in *Ring*"—meaning the defendant "had exhausted available appeals, his petition for certiorari had been denied and the mandate had issued . . . before *Ring* was decided" —is not "entitled to have his case reconsidered in light of *Ring*." *State v. McKinney*, 245 Ariz. 225, 226–27, ¶ 5 (2018) (quoting *State v. Styers*, 227 Ariz. 186, 187–88, ¶¶ 5–6 (2011)), *affirmed by McKinney v. Arizona*, 140 S.Ct. 702, 708 (2020) (explaining federal courts "may not second-guess the Arizona Supreme Court's characterization of state law" for determining whether a case is final and concluding that *Ring* did not apply because the resentencing proceeding was ordered on collateral review under Arizona's legal standard for a collateral proceeding).

**¶18** Here, Gallegos had exhausted available appeals—with the Arizona Supreme Court upholding the trial court's imposition of the death penalty upon resentencing—his petition for certiorari had been denied, and the mandate had issued before *Ring* was decided. *Gallegos v. Arizona*, 519 U.S. 996 (1996). As such, his case was final. Because the district court's order did not vacate or otherwise call into question the aggravating circumstances found by the trial court at resentencing, Gallegos is not entitled to have those aggravating circumstances reconsidered on collateral review. *See Styers*, 227 Ariz. at 187–88, ¶ 5. As our supreme court has observed, "the '[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.'" *Id.* at 188, ¶ 6 (quoting *Teague v. Lane*, 489 U.S. 288, 309 (1989)).

**¶19** To be clear, because the district court found no error regarding the aggravating factors, they remain "established," and applying *Ring* on collateral review in this case would undermine both the finality of Gallegos's convictions and the purpose of A.R.S. § 13-752. *Styers*, 227 Ariz. at 188, ¶ 7; *see also State v. Poyson*, 250 Ariz. 48, 52, ¶¶ 11, 15 (2020) (reaffirming that *Ring* does not entitle a defendant "to the benefit of jury resentencing in [a] collateral proceeding" and concluding a Ninth Circuit remand for resentencing predicated on the application of an improper standard for evaluating mitigation evidence did not require renewed consideration of aggravating factors because "the Ninth Circuit found no error in the aggravating factors"). By granting Gallegos's request for a new aggravation phase jury trial without any legal basis, the superior court exceeded the scope of its authority.[1]

---

[1] We find Gallegos's reliance on *State v. Bocharski*, 218 Ariz. 476 (2008), and *State v. Lambright*, 243 Ariz. 244 (App. 2017), unavailing. First, neither case squarely considered whether a penalty phase error may give rise to a new aggravation phase trial. Rather, in both cases, the factual recitation simply noted that new aggravation-phase jury trials had been held on remand. *Bocharski*, 218 Ariz. at 481, ¶¶ 1–2; *Lambright*, 243 Ariz. at 248, ¶¶ 4–5. More importantly, both cases predate our supreme court's holding in *Lynch*.

## CONCLUSION

¶20  For the foregoing reasons, we accept jurisdiction and grant relief, vacating the portion of the superior court's order granting Gallegos's request for a new aggravation phase jury trial.

